# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARDS MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. DOE #5, et al.,<br><br>　　　　　Defendants. | **Case No. 1:18-cv-01083 (PC)**<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF'S *IN FORMA PAUPERIS* APPLICATION SHOULD NOT BE DENIED**<br><br>**(Docs. 1, 3)**<br><br>**21-DAY DEADLINE** |

　　　　Plaintiff recently filed this action. Along with the Complaint, Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 3.) Section 1915 provides that, a prisoner shall not be allowed to "bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

　　　　The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, the Court takes judicial notice of *Mitchell v. CRM M.S. Robicheaux, et al.*, 1:16-cv-01148-DAD-EPG (PC), Docs. 43 & 58, which found that, before filing that case, Plaintiff had three or more cases that were dismissed because they were frivolous,

1

malicious, or failed to state a claim upon which relief could be granted.[1]

Thus, the only way that Plaintiff may proceed *in forma pauperis* in this action is if his allegations show that he was under imminent danger of serious physical injury at the time it was filed. In this action, Plaintiff complains of events that occurred at the Substance Abuse Treatment Facility in Corcoran, California ("SATF"). However, when Plaintiff filed this action, he was housed at the R.J. Donovan Correctional Facility in San Diego, California ("RJD"). (*See* Doc. 1.) The Complaint contains allegations regarding incidents that occurred at SATF back in 2014. (*See id.*) Plaintiff does not state any allegations of wrongdoing at RJD and was not in imminent danger of serious physical injury when he filed the lawsuit. Thus, he has not demonstrated that he is eligible to proceed *in forma pauperis*. *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007).

Plaintiff had three strikes under 28 U.S.C. §1915(g) before he filed this action. The allegations in this action do not establish that Plaintiff was facing imminent danger of serious physical injury at the time the Complaint was filed -- when he was housed at RJD.

Accordingly, **within 21 days** of the date of service of this order, Plaintiff **SHALL** show cause in writing why his *in forma pauperis* request should not be denied and he be ordered to pay the filing fee to proceed; alternatively, Plaintiff may pay the $400 filing fee in full or file a notice of voluntary dismissal. The Clerk of the Court is directed to assign a district judge to this action.

**Plaintiff is cautioned that failure to respond or comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

   Dated: __August 17, 2018__             _/s/ Jennifer L. Thurston_
                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] *Mitchell v. Marshall, et al.*, C.D. Cal. No. 2:10-cv-07351-UA-SH; *Mitchell v. Marshall, et al.*, C.D. Cal. No. 2:12-cv-02048-ABC-SH; *Mitchell v. Norton, et al.*, E.D. Cal. No. 1:12-cv-00331-GSA; and *Mitchell v. Beard, et al.*, Ninth Circuit No. 16-15470. (ECF No. 33-1, p. 2)