UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>             Plaintiff,<br><br>      v.<br><br>J. CHURCH, et al.,<br><br>             Defendants. | Case No. 1:18-cv-01083-JLT (PC)<br><br>**ORDER DENYING MOTION WITHOUT PREJUDICE AND DIRECTING DEFENSE COUNSEL TO WORK WITH LITIGATION COORDINATOR REGARDING PLAINTIFF'S LEGAL PROPERTY**<br><br>(Doc. 37) |

On March 12, 2020, the Court set this matter for a settlement conference before Magistrate Judge Stanley A. Boone on June 10, 2020. (Doc. 34.) The Court directed the parties to submit confidential settlement statements to Judge Boone's chambers by June 3, 2020. (*Id.* at 2.) Defendants filed a Notice of Submission of Confidential Settlement Conference Statement on April 10, 2020. (Doc. 35.) Plaintiff filed such a notice on April 30, 2020. (Doc. 40.)

On April 16, 2020, Plaintiff filed a motion requesting an order to direct the Secretary of CDCR "or any other person(s) this Court deems appropriate to produce plaintiff's legal property and documents" pertaining to this case. (Doc. 37.) Plaintiff declares that it is not possible for him to settle this matter because prison authorities are holding all his "legal/personal property." (*Id.* at 2.) Notably, he failed to explain how the legal property bears on his ability to settle the case. Presumably, he knows the damage he believes he suffered at the hands of the defendants without regard for possession of his papers. Nevertheless, in response to the Court's order (Doc. 38),

Defendants filed a response to Plaintiff's motion on April 28, 2020. (Doc. 39.) Plaintiff filed a reply on May 4, 2020. (Doc. 41.)

In Defendants' response, defense counsel declares that he contacted the litigation coordinator at Kern Valley State Prison. (Doc. 39 at 2.)  Counsel states that, according to the litigation coordinator, CDCR transported Plaintiff to California Health Care Facility on February 28, 2020, then to Mule Creek State Prison on March 9, 2020. (*Id.*) He states that the transfer to Mule Creek is temporary and that, before Plaintiff could be transferred back to Kern Valley, CDCR halted inmate transfers in response to the COVID-19 pandemic. (*Id.*) Counsel further declares that "[w]hen an inmate is endorsed for a particular prison, … prison officials do not transfer an inmate's legal property to another institution when that inmate is transferred out on a temporary basis." (*Id.* at 3.) Counsel states that the litigation coordinator "verified that prison officials have possession of Plaintiff's legal property at Kern Valley" and that the property "will be returned to him once it is safe to transfer him back to the institution." (*Id.*)

In his reply, Plaintiff states that he "will not be returning to Kern Valley State Prison because it is the place where he was assaulted by officers," which "required hospitalization." (Doc. 41 at 1.) He further states that the California Health Care Facility "mental health department noted his safety concern … and had him rehoused at Mule Creek State Prison." (*Id.*) He does not state how he knows this to be true.  Indeed, it would be an unusual case for an inmate to be transferred to a different facility based upon his allegations of physical abuse that the defendants denied occurred. Plaintiff does not confirm whether his "rehousing" at Mule Creek is temporary. (*See id.*)

In its order directing Defendants to file a response to Plaintiff's motion, the Court noted that the "motion relates to the Court's … order to prepare and submit a confidential settlement conference statement." (Doc. 38 at 1-2.) However, as stated above, all parties have now submitted their settlement conference statements. (*See* Docs. 35, 40.) Thus, the Court's primary rationale for ordering Defendants to respond to Plaintiff's motion is now moot.

Given Plaintiff's (assumedly) temporary housing status and CDCR safeguards related to the COVID-19 pandemic, the Court declines at this time to interfere with CDCR policies

regarding the transport of inmate property. Accordingly, the Court DENIES Plaintiff's motion without prejudice. However, the Court ORDERS defense counsel to work with the litigation coordinator at Kern Valley State Prison to attempt to provide Plaintiff his legal property pertaining to this case by the time of the settlement conference on June 10, 2020.

IT IS SO ORDERED.

Dated:   **May 5, 2020**                                   **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE